IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DORIS. E. TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:23-cv-00713 |
| | ) | |
| U.S. BANK TRUST NATIONAL ASSOCIATION, et al., | ) ) | By:  Elizabeth K. Dillon United States District Judge |
| | ) | |
| Defendants. | | |

**MEMORANDUM OPINION**

Plaintiff Doris E. Tucker, proceeding *pro se*, seeks leave to proceed *in forma pauperis* (Dkt. No. 1). Tucker's complaint names three defendants: U.S. Bank Trust National Association, Selene Finance, LP, and Jennifer Iarocci, Esq. (*See generally* Compl. Dkt. No. 2.) The complaint does not allege, however, what any of the specific defendants did, nor does she identify her relationship to them. Instead, her complaint states that the relief she is seeking is for this court to "void the judgment that was granted in Roanoke State Circuit court."[1] (Dkt. No. 2, at 1.) She claims that the judgment was entered in error because the complaint should have been dismissed under the bankruptcy code, and she argues that the state court lacked jurisdiction. (*Id.*) She also contends that the plaintiffs in the first state court suit filed in 2012—none of whom are named as

---

[1] The complaint references Roanoke City Circuit Court and two case numbers: CL12001900-00, and CL23001493-00. (Dkt. No. 2-1, at 3; Dkt. No. 2-1, at 2.) Based on publicly available information, the former of these was brought by Beneficial Financial I, Inc. and Surety Trustees LLC, and named Theodore Tucker, Jr. and others as defendants, but neither Doris Tucker nor any of the defendants named here were parties. In that case, judgment was entered in favor of plaintiffs. As for the second case, both Tucker and Theodore Tucker, Jr., are named as defendants and are represented by counsel. The case was brought by U.S. Bank Trust National Association and RCF2 Acquisition Trust, both of whom are represented by attorney Jennifer Iarocci. As noted, Tucker has named U.S. Bank Trust National Association and Iarocci as defendants in this case. The second case remains pending before the state court, and the case is set for a "trial" on November 9, 2023, the date Tucker has listed for the foreclosure.

parties here—were time-barred from collecting on her mortgage debt as a result of the Fair Debt Collection Practices Act (FDCPA) and Regulation F. (*Id.* (citing 15 U.S.C. § 1692f(6) and 12 C.F.R. § 1006.22(e))). Separately, she alleges that the state court violated her First and Fourteenth Amendment rights when it warned her that if she spoke again she would be held in contempt.[2] (*Id.* at 2, 5.)

In her request for relief, she asks the court to "Stop the eviction and [sale] of her home, Nov. 9, 2023, Until this court have a trial or court void judgment" on the grounds she has set forth. (*Id.* at 6.) She further says that the court "should dismiss the Roanoke City Action." (*Id.* at 3.) She also includes a document titled as a "Memorandum in Support of Emergency Petition," (Dkt. No. 2-1), although she has not filed a separate motion seeking any particular type of relief. This document mostly reiterates the same types of claims made in her complaint.

The court will grant Tucker *in forma pauperis* status, but it will dismiss her complaint in its entirety, concluding both that it lacks jurisdiction over her claims and that her complaint fails to state a claim for relief against any of the defendants.

I.  DISCUSSION

**A.  Bases for Dismissal**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court shall "at any time" dismiss an *in forma pauperis* complaint if it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Further, a district court "must dismiss a claim if, at any time, it appears that the court lacks jurisdiction" over it. Fed. R. Civ. P. 12(h). In evaluating Tucker's *pro se* complaint, the court must construe the

---

[2] Tucker does not indicate during which of the two cases this exchange occurred.

complaint liberally, holding it to "less stringent standards that formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**B. Lack of Jurisdiction As a Result of *Rooker-Feldman***

Tucker's complaint does not clearly state a basis for jurisdiction. However, she refers to federal bankruptcy law, the Fair Debt Collection Practices Act, and several amendments to the U.S. Constitution. Presumably, then, she invokes this court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331. But critically, the only relief she seeks is that the court either void the state court judgment in the earlier case or dismiss the pending state case, which has a trial set for November 9, 2023.

The court concludes that it is barred from considering Tucker's claims pursuant to the *Rooker-Feldman* doctrine.[3] Under that doctrine, federal districts courts do not have subject matter jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Additionally, "[c]ourts have consistently applied the *Rooker-Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings." *Davis v. Freedom Mortg. Corp.*, No. ADC-22-342, 2022 WL 2835705, at

---

[3] The doctrine is based on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

\*3 (D. Md. July 20, 2022) (citations omitted).  Further, the *Rooker-Feldman* doctrine also can apply to a state court's interlocutory orders.  *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 319–20 (4th Cir. 2003); *Brown & Roof, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000).

"The controlling question in the *Rooker-Feldman* analysis is whether a party seeks the federal district court to review a state court decision and pass upon the merits of that state court decision."  *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231, 235–36 (4th Cir. 2013) (citations omitted).  Here, that question is easily answered.  The *only* relief requested in Tucker's complaint is that the court either void the juddgment of the earlier state court case, or stay the enforcement of the current proceedings and stop the November 9, 2023 proceeding (presumably the foreclosure sale) ordered in the second action.  Either of those requires the court to pass on the merits of the state court's rulings.  Accordingly, the *Rooker-Feldman* doctrine bars this court from exercising jurisdiction over Tucker's claims and complaint.

## C. The Complaint Fails to Allege Any Specific Actions by Any Defendant

Even if the court had jurisdiction, Tucker's complaint fails to identify what any specific defendant did that she believes gives rise to a legal claim.  The constitutional claims appear to be based on the actions of a state court judge, who is not a party to this action and who is entitled to judicial immunity for actions taken in the course of a legal proceeding and within his role as a judicial officer.  *See Forrester v. White*, 484 U.S. 219, 225–26 (1988).

Moreover, as to the named defendants, Tucker fails to identify any particular action or omission by any of them or any details in support of any legal claim.  The

Fourth Circuit has made clear, though, that collectively deeming "defendants" to have committed some act generally is insufficient to state a claim against any of them. *Langford v. Joyner*, 62 F. 4th 122 (4th Cir. 2023). In *Langford*, the Fourth Circuit agreed with courts who were "critical of complaints that fail to isolate the . . . acts of each defendant" that give rise to liability, or "that make only categorical references to defendants." 62 F.4th at 125 (cleaned up). It explained that requiring specific factual allegations for each defendant "gives fair notice to *that* defendant of the plaintiff's claim and the underlying factual support." *Id.* (emphasis in original). Tucker fails to identify any action by any particular defendant. For this additional reason, her complaint also fails to state a claim for which relief can be granted.

## II. CONCLUSION

For the foregoing reasons, the court will grant Tucker *in forma pauperis* status and dismiss her complaint. An appropriate order will follow.

Entered: November 1, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge